343 So.2d 263 (1977)
John L. KINCHEN et ux.
v.
DIXIE AUTO INSURANCE COMPANY.
No. 11156.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
Rehearing Denied March 21, 1977.
Writ Refused April 26, 1977.
*264 Paul H. Due and Michael C. Palmintier, Due, Dodson & DeGravelles, Baton Rouge, for plaintiffs.
Robert L. Kleinpeter, Baton Rouge, for defendant.
Before ELLIS, CHIASSON and PONDER, JJ.
CHIASSON, Judge.
On May 17, 1974, the minor son of John L. Kinchen and Lenora Kinchen, plaintiffsappellees, was struck and killed by an automobile driven by an unknown motorist. Automobile liability policies which included uninsured motorist coverage had been issued to John Kinchen by the Dixie Auto Insurance Company, defendant-appellant.
A legal investigator, retained by the appellees' attorney, went on June 12, 1974, to the Jones-Hinson Insurance Agency (Jones-Hinson), the agency which had arranged for the coverage with appellant, to ascertain the extent of the coverage provided by these policies. Jones-Hinson refused to release the details of the policies without authorization from John Kinchen. The investigator at that time informed Jones-Hinson that a claim would be made under the uninsured motorist provision.
Sometime between June 12, 1974, and June 17, 1974, John Kinchen informed Jones-Hinson that the requested information should be given to his attorney. On August 15, 1974, the appellees' attorney obtained copies of the policies. Tri-State General Agency, Inc. (Tri-State), agent for the appellant, was notified of the claim on August 19, 1974.
Appellant refused to make payment claiming that it was relieved of its liability by appellees' failure, as required by the terms of the policy, to provide it with a sworn statement describing the claim within thirty days of the accident. Appellees then brought this suit to recover damages under the uninsured motorist coverage.
After a trial on the merits, the District Court held that there was coverage and awarded the appellees $10,000.00, the coverage provided by two policies, and denied a request by the appellees for penalties and attorney's fees. The appellant has appealed this judgment contending that the District Court erred in finding coverage and the appellees have answered the appeal contending that the District Court erred in denying penalties and attorney's fees.
It is clear from the terms of the policies that appellees' minor son was an insured and that coverage is provided for injuries caused by a "hit-and-run automobile". At issue is whether the failure of the appellees to provide sworn notice to appellant or its agent, Tri-State, within thirty days of the accident bars the insured from recovering under the terms of the policies.
The pertinent part of the policies provides:
"Hit-and-run automobile" means an automobile which causes bodily injury to an insured arising out of physical contract of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such "hit-and-run automobile"; (2) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30. days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (3) at the company's request, the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident." (Emphasis Added).
In Miller v. Marcantel, La.App., 221 So.2d 557 (3rd Cir., 1969) the purpose of notice requirements in insurance contracts was stated in these words:

*265 "The function of the notice requirements is simply to prevent the insurer from being prejudiced, not to provide a technical escape-hatch by which to deny coverage in the absence of prejudice nor to evade the fundamental protective purpose of the insurance contract to assure the insured and the general public that liability claims will be paid up to the policy limits for which premiums were collected. Therefore, unless the insurer is actually prejudiced by the insured's failure to give notice immediately, the insurer cannot defeat its liability under the policy because of the non-prejudicial failure of its insured to give immediate notice of an accident or claim as stipulated by a policy provision."
Louisiana's rule is that delayed notice does not forfeit coverage in the absence of prejudice to the insurer. This rule has been applied to both notice of accidents and notice of suit and we now hold that this rule also applies to a claim for uninsured motorist coverage based on a hit-and-run accident.
Even if it is assumed that notice to Jones-Hinson was not notice to the appellant, the appellant has not been prejudiced by the appellees' failure to give the notice specified in the policy. There was an investigation of the accident by the State Police which failed to determine the identity of the hit-and-run driver or the owner of the automobile." There has been no showing that the failure of appellees to provide a sworn statement describing the claim within thirty days of the accident was in any way prejudicial. Therefore, the appellant is liable under the uninsured motorist provisions of the policies.
Appellees' claim for penalties and attorney's fees is based on R.S. 22:658 which requires insurers to pay claims within sixty days after receipt of proof of loss and demand therefor. Penalties may be assessed only when the failure to pay is arbitrary and capricious. Baghramain v. MFA Mutual Insurance Company, La.App., 315 So.2d 849 (3rd Cir., 1975). Under the facts of this case we do not find the appellant's refusal to pay arbitrary and capricious.
For the above reasons, the judgment appealed from is affirmed. Cost to be paid by the appellant.
AFFIRMED.