560 So.2d 690 (1990)
Elton DEVILLE, Plaintiff-Appellant,
v.
The LIFE INSURANCE COMPANY OF VIRGINIA, Defendant-Appellee.
No. 88-1359.
Court of Appeal of Louisiana, Third Circuit.
April 18, 1990.
*691 Elton Deville, Crowley, for plaintiff/appellant.
Goldman & Levin, Stanley H. Levin, New Orleans, for defendant/appellee.
Before FORET, STOKER and LABORDE, JJ.
FORET, Judge.
This is a suit filed by Elton Deville for benefits due under separate major medical and hospital indemnity policies issued by The Life Insurance Company of Virginia. Defendant filed a reconventional demand, seeking recovery of overpayments allegedly made to plaintiff. The trial court dismissed both the main demand and reconventional demand, and plaintiff has appealed.
Elton Deville and his wife, Norma Deville, are insured under major medical and hospital indemnity policies issued by defendant, effective March 21, 1984. Since the issuance of these policies, plaintiff and his wife have incurred substantial medical expenses, and it is plaintiff's contention on appeal that the trial court erred in finding that the full amounts due under these policies have been paid by defendant. Moreover, plaintiff asserts that defendant is responsible for penalties and attorney's fees pursuant to R.S. 22:657 for failing to pay benefits due within thirty days after written notice and proof of claim has been provided.

AMERICAN LEGION HOSPITAL, OUR LADY OF LOURDES HOSPITAL, DR. KITIRA, AND DR. MEHMOOD PATEL
Plaintiff was hospitalized at American Legion Hospital from November 26, 1984 *692 to November 29, 1984, incurring medical expenses totalling $1,986.30. While at American Legion Hospital, Dr. Kitira treated plaintiff, and his charges came to $365.00. He was thereafter transferred to Our Lady of Lourdes Hospital where he remained until his discharge on December 5, 1984. The total bill at Our Lady of Lourdes was $7,074.58. While at Our Lady of Lourdes, plaintiff was under the care of Dr. Mehmood Patel, and his charges totalled $2,835.00. Plaintiff contends that the evidence at trial established that defendant has not paid the full amount of benefits owed under its major medical policy. We disagree. Our careful review of the record reveals that plaintiff failed to establish that the defendant did not pay any benefits due under the subject policy. It was brought out at trial that defendant paid $1,661.36 to American Legion Hospital and $6,012.14 to Our Lady of Lourdes in connection with plaintiff's hospital confinement. Defendant also paid $2,050.00 to Dr. Patel and $310.25 to Dr. Kitira for services rendered. Plaintiff failed to prove that any additional sums are owed in connection with the major medical policy in question and we therefore find plaintiff's contentions in this regard to be without merit.
Plaintiff was again hospitalized at Our Lady of Lourdes Hospital on February 18, 1986 and was discharged on February 20, 1986. He incurred charges totalling $1,401.86 and defendant paid $1,186.50 under its major medical policy. The amount paid by defendant represents 85% of miscellaneous charges of $1,101.86 and $125 for each day of hospitalization. While hospitalized at Our Lady of Lourdes on this second occasion, plaintiff was again treated by Dr. Patel. His total bill was $980.00. Ms. Jeannie Daniels, Dr. Patel's office manager, testified that plaintiff instructed her office to bill these charges to Medicare, which paid $730.40. She further stated that the balance was "adjusted off." Accordingly, Ms. Daniels stated that plaintiff's account has a zero balance. Considering this, plaintiff has failed to prove his entitlement to any additional benefits under the subject major medical policy in connection with the expenses discussed above, and we therefore find that the trial court did not commit manifest error in so finding.

DR. BENNETT ALLDREDGE
Plaintiff incurred medical expenses with Dr. Bennett Alldredge totalling $230.00. Defendant established that it paid this claim twice, in error. We therefore reject plaintiff's contention that additional sums are owed in connection with Dr. Alldredge's charges.

DR. LESTER DUCOTE
Norma Deville, plaintiff's wife, was treated by Dr. Lester Ducote in April and May of 1984, and the total charges were $455.00. Defendant's policy provides coverage for any sickness which manifests itself "more than thirty days after a covered person becomes insured under this policy." The policy in question was issued on March 21, 1984, and Mrs. Deville stated, in filling out her claim form, that she first consulted Dr. Gardiner for treatment of this condition on April 17, 1984. Thus, the trial court found that the policy did not provide coverage for this illness as the condition treated arose within thirty days after the subject policy was issued. Considering the evidence of record, we find no manifest error in the trial court's finding in this regard.
In April of 1985, plaintiff was treated by Dr. Ducote, and the total charge was $110.00. The testimony at trial indicates that the parties were under the impression that this bill was also incurred by Mrs. Deville in 1984. In fact, a review of the claim form submitted into evidence reveals that a $110.00 charge was incurred by Mr. Deville in 1985. We further note that the trial court's reasons for judgment also state in error that this expense was incurred by Mrs. Deville in 1984.
Our courts have adopted a liberal attitude with regard to the form of proof of claims under health insurance policies. Lemann v. Mutual Life Ins. Co. of N. Y., 523 So.2d 948 (La.App. 4 Cir.1988). In essence, the insured must simply provide the insurer with sufficient information to *693 act on the claim. Lemann v. Mutual Life Ins. Co. of N. Y., supra. In the instant case, plaintiff failed to prove that sufficient information was provided to the defendant with regard to Dr. Ducote's bill for $110. Therefore, plaintiff's claim for such expense was properly denied. However, in the interest of justice, we feel that such denial should be without prejudice in order to preserve plaintiff's right of recovery under the terms of the subject policy in the event it is hereafter demonstrated that benefits are in fact due.

DR. WILLARD O. RING
At trial, Dr. Ring, a chiropractor, testified that he treated plaintiff and plaintiff's wife in 1984. He stated that the charges incurred by plaintiff came to $935.00 and the charges incurred by Mrs. Deville totalled $1,260.00. These expenses have been paid by plaintiff and Dr. Ring therefore did not file any claim forms with defendant. The trial court denied recovery of these expenses pursuant to a provision in defendant's policy providing that proof of loss must be sent to defendant within one year "from the date specified." We find that the trial court erred in this regard. It is well established that an insurer must prove actual prejudice in order to deny a claim on the basis of not receiving notice within the time limits specified in the policy. Fakouri v. Insurance Co. of North America, 378 So.2d 1083 (La.App. 3 Cir.1979). Clearly, defendant has failed to establish that any prejudice resulted as a result of plaintiff's failure to timely submit proper proof of claim and therefore, plaintiff's right of recovery cannot be denied on these grounds. However, we do note that the record does reflect that the plaintiff did fail to properly substantiate his claim for payment, having only sent to defendant copies of checks given for services rendered by Dr. Ring. Upon receiving these checks, defendant wrote plaintiff for more information but plaintiff never did respond. Consequently, we find that the trial court did not err in denying plaintiff's claim for payment of Dr. Ring's expenses. However, the claim should be denied without prejudice in order to preserve plaintiff's right of recovery upon proper substantiation thereof.

HAMILTON MEDICAL GROUP, DR. PATRICK LILLIS, DR. R.L. CARLSON
Plaintiff's wife was treated by Dr. Patrick Lillis, whose fee was $55.00. Defendant's representative, Durwood Johnston, testified that he only received a copy of the check paid for services rendered by Dr. Lillis. He further stated that defendant wrote for additional information, which was never received. The same situation occurred in reference to services rendered by Dr. R.L. Carlson, as well as expenses incurred at Hamilton Medical Group. Again, plaintiff failed to properly substantiate these claims. Considering this, we find that the trial court did not commit manifest error in denying the above mentioned claims. However, once again, we find that these claims should be dismissed without prejudice in order to allow plaintiff to obtain any payments due under the policy, if and when the claims are properly substantiated.

CLAIM FOR BENEFITS UNDER HOSPITAL INDEMNITY POLICY
As noted previously, defendant issued two separate policies to plaintiff, one being a major medical policy and the other being a hospital indemnity policy. The hospital indemnity policy provides for a daily indemnity benefit of $75.00. Plaintiff claims that he has not received the full amount due under this policy in connection with the two hospital stays at Our Lady of Lourdes, as well as plaintiff's brief confinement at American Legion Hospital. We have thoroughly reviewed the record and we disagree with plaintiff's contentions in this regard. The record reflects that plaintiff was hospitalized three days at American Legion Hospital for which he was paid the total sum of $225. Additionally, plaintiff was hospitalized at Our Lady of Lourdes from November 29, 1984 to December 5, 1984, and was paid a total of $450 for six days of hospitalization. Finally, plaintiff was again hospitalized at Our Lady of *694 Lourdes from February 18, 1986 to February 20, 1986, and defendant paid to plaintiff $150 in connection with this confinement. Thus, plaintiff was paid for a total of eleven days of hospitalization and the record does not establish that any additional sums are owed under defendant's hospital indemnity policy. Accordingly, we find plaintiff's contentions to be without merit.

PENALTIES AND ATTORNEY'S FEES[1]
The trial court found that any failure to pay medical expenses within the thirty-day period provided by R.S. 22:657 was reasonable and accordingly, plaintiff's claim for penalties and attorney's fees was denied. Plaintiff contends that the trial court erred in denying his claim for penalties and attorney's fees. Again, we disagree. The record reflects that defendant's delay in paying some of the medical bills in question occurred because defendant was waiting on medical transcripts in order to make a determination as to whether or not the claimed expenses were properly payable. Accordingly, we affirm the trial court's decision denying plaintiff's claim for penalties and attorney's fees under R.S. 22:657.
In view of the above and foregoing, the judgment of the trial court is affirmed, provided that, with regard to the hereinafter stated expenses, the trial court's judgment is amended to state that plaintiff's claims are dismissed, without prejudice:

Dr. Lester Ducote .........$ 110.00
Dr. Willard O. Ring .........$2195.00
Dr. Patrick Lillis .........$ 55.00
Dr. R.L. Carlson .........$ 135.00
Hamilton Medical Group ....$ 305.75

Costs of this appeal are to be divided equally between plaintiff, Elton Deville, and defendant, The Life Insurance Company of Virginia.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] It should also be noted that plaintiff also argues on appeal that he is entitled to damages for breach of contract. We see no evidence of record supporting this allegation and we therefore affirm the trial court's judgment dismissing plaintiff's claim.