631 So.2d 581 (1994)
Thad POWELL, Jr., Plaintiff-Appellee,
v.
AUTOMOTIVE CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 92-284.
Court of Appeal of Louisiana, Third Circuit.
February 2, 1994.
*582 Steven D. Crews, Natchitoches, for Thad Powell Jr.
David Austin Rothell, Mansfield, for Automotive Cas. Ins. Co.
Before GUIDRY and YELVERTON, JJ., and BERTRAND, J., Pro Tem.
GUIDRY, Judge.
Plaintiff, Thad Powell, was involved in a hit and run accident in Florida on February 14, 1991. After returning to Louisiana, Powell, on February 25, 1991, filed a claim with Automotive Casualty Insurance Company (Automotive), his collision and uninsured motorist insurance company. Automotive denied coverage because of Powell's violation of an insurance policy provision which required him to report the hit and run accident to law enforcement authorities within 24 hours of the accident. Powell then filed suit against Automotive.
The central issue at trial was the validity and enforceability of the policy language requiring the insured to report a hit and run accident to police within 24 hours of its occurrence. The trial court, without specifically ruling the provision invalid or unenforceable, held that Automotive failed to show that it was prejudiced by Powell's failure to report the accident to the police. The court concluded that the Automotive policy afforded coverage and rendered judgment in favor *583 of Powell and against Automotive in the following amounts:

1) temporary repairs $ 41.73
2) damage estimate less $250
 deductible 2,388.51
3) statutory penalty (on
 property damages) 291.62
4) general damages 6,500.00
5) medical expense 175.00
6) statutory penalty (on bodily
 injury) 801.00
7) attorney's fees 4.000.00
 __________
TOTAL AWARD $14,197.86

Thereafter, Automotive paid the first three elements of damage plus legal interest thereon. In return, Powell executed a partial release of judgment to Automotive. Automotive then appealed the remainder of the judgment specifying as error the trial court's finding that Powell's accident was covered under his UM coverage. Alternatively, and only if UM coverage applied, Automotive asserted that the general damage award was excessive, and that the court erred in awarding penalties and attorney's fees. Powell answered the appeal seeking additional attorney's fees for services on appeal.
While this appeal was pending the Louisiana Insurance Commissioner placed Automotive in receivership and, eventually, liquidation. On motion of Automotive, this court stayed all proceedings on appeal effective February 2, 1993. The stay order was subsequently lifted and the Louisiana Insurance Guaranty Association (LIGA) was substituted as a party defendant for Automotive. LIGA filed a brief adopting Automotive's assignments of error and, additionally, argues that it is statutorily immune from liability for penalties and attorney's fees.
For the following reasons, we reverse the award of penalties and attorney's fees but, in other respects, affirm.
Powell and Automotive submitted this case to the trial court for decision on a joint stipulation of facts. The agreed upon facts pertinent to the issues on appeal are as follows. The unidentified driver was entirely at fault in causing the accident. As a result of the accident, Powell paid $41.73 for temporary repairs to Body Builders, Inc., a Tallahassee, Florida body shop. At the time, he was enroute to Orlando, Florida, and, being unfamiliar with the general area, did not report the accident to the police. When he returned to Louisiana, Powell reported the accident to his insurance agent, Bayou State Insurance Agency, on February 25, 1991. Both Powell and Automotive had independent damage appraisals done. As a result of the accident, Powell sustained personal injuries and received treatment therefor from Dr. John Sandifer, an orthopedic surgeon. His medical expenses totalled $175.00.
On March 18, 1991, Powell's attorney wrote Automotive offering to settle the claim for $2,680.24 in property damage, $250.00 in bodily injury (UM), and $135.00 in medical expenses incurred to that date. In response, Automotive denied the claim because of Powell's failure to report the accident to the police and because of the lack of an independent, disinterested accident witness. On April 15, 1991, Powell's attorney wrote back to Automotive with the same settlement offer. He also informed Automotive that the independent, disinterested witness requirement only applied to accidents where there is no physical contact.
The parties also stipulated to the fact that, at the time of the accident, Powell had UM property damage coverage and UM bodily injury coverage through an insurance policy issued by Automotive. A copy of the policy was attached to the joint stipulations.

REPORTING REQUIREMENT
The Automotive policy issued to Powell provided, in pertinent part, as follows:
2. WHAT IS THE PROTECTION FOR U/M COVERAGE:
We will pay for damages, up to the money limits of the policy, that you are legally entitled to receive from the owner or operator of an uninsured automobile because of bodily injury. We will pay these damages if:
(a) You are injured in an automobile accident as a driver, passenger or pedestrian; and
(b) The accident is caused by an automobile for which there is no bodily injury policy or liability bond available at the time of the accident or is caused by a hit and run automobile. A hit and run automobile is one which makes actual physical contact with you or the car which you *584 are occupying and one of which neither the driver nor owner can be identified; and
(c) If a hit and run automobile causes the accident:
(1) You must report the accident to the proper police department or the State Bureau of Motor Vehicles within twenty-four (24) hours of the accident.
(2) You must file a sworn statement with us within thirty (30) days of the accident giving all details known to you up to that date.
Automotive denied UM coverage based upon reporting requirement (1) of subsection 2(c). The trial court ruled that Powell's failure to report the accident to the police was not a valid basis to deny coverage. The trial court noted that Powell did not get the license plate number, nor could he identify the hit and run vehicle. Additionally, the court noted that the offending motorist left the scene of the accident immediately. Based on these facts, the court concluded that Automotive was not prejudiced by Powell's failure to report the accident to the police because he had no information which could have helped them identify the offending driver or his automobile. Accordingly, the court determined that UM coverage applied.
The issue presented on appeal is whether the parties contemplated that UM coverage would be precluded for Powell's failure to timely report a hit and run accident to the police within 24 hours.
Interpretation of a contract is the determination of the common intent of the parties. La.C.C. art. 2045. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La.C.C. art. 2050; Foret v. Louisiana Farm Bureau Casualty Insurance Co., 582 So.2d 989 (La.App. 1st Cir.1991). A contract of insurance constitutes the law between the insurance company and the insured. It will be enforced as written if the policy language at issue is clear and expresses the intent of the parties. Pareti v. Sentry Indemnity Co., 536 So.2d 417 (La.1988). The Automotive insurance policy is considered a "standard form contract" which, in case of doubt as to the intent of the parties, must be interpreted against the party who furnished its text and in favor of the other party. La.C.C. art. 2056.
Although the pertinent policy provision requires that the insured timely report a hit and run accident to the police, it does not provide a penalty or sanction for the insured's failure to do so. The provision does not specifically provide that the insured's failure to report will preclude UM coverage. Nor does any other provision in the policy provide for such a result. Thus, it is unclear whether, in the context of a hit and run accident, UM coverage is automatically precluded by the insured's failure to report it to the police. On this point, we observe that the policy contains a separate provision in Section III(E)(6) which is entitled "What Things Can Harm or Take Away Your U/M Protection". A careful review of this section and the sections referenced therein reveals that the failure to timely report the hit and run accident to police is not listed amongst the things which "can harm or take away" UM coverage. Reading these two sections together and construing them against the drafter, we conclude that Powell's failure to timely report the hit and run accident to the police did not serve to preclude UM coverage for the accident.
Additionally, we agree with the trial court's conclusion that Automotive was not prejudiced by Powell's failure to timely report the accident to the police. In Miller v. Marcantel, 221 So.2d 557, 559 (La.App. 3rd Cir.1969), a case involving the insured's failure to timely notify the insurer of a suit filed against the insured individually on an otherwise covered accident, this court reasoned as follows:
The function of the notice requirements is simply to prevent the insurer from being prejudiced, not to provide a technical escape-hatch by which to deny coverage in the absence of prejudice nor to evade the fundamental protective purpose of the insurance contract to assure the insured and the general public that liability claims will be paid up to the policy limits for which premiums were collected. Therefore, unless *585 the insurer is actually prejudiced by the insured's failure to give notice immediately, the insurer cannot defeat its liability under the policy because of the non-prejudicial failure of its insured to give immediate notice of an accident or claim as stipulated by a policy provision.
In Kinchen v. Dixie Auto Insurance Co., 343 So.2d 263 (La.App. 1st Cir.1977), writ denied, 344 So.2d 1057 (La.1977), the court extended the rule, that delayed notice to the insurer does not forfeit coverage in the absence of prejudice to the insurer, to a claim for UM coverage based on a hit and run accident. See also Deville v. Life Insurance Company of Virginia, 560 So.2d 690 (La.App. 3rd Cir. 1990).
While the present case is factually distinct from the cited jurisprudence insofar as it involves required notice to the police instead of notice to the insurer, we conclude that the same rule applies to this situation. Clearly, Automotive was not prejudiced by Powell's failure to report the accident to Florida authorities. He had no substantive information to give the police except the fact that he was involved in a hit and run accident. He could not identify the other automobile nor its driver and was unable to give the license plate number. It is undisputed that, upon his return to Louisiana eleven days later, Powell promptly informed Automotive that he had been involved in a hit and run accident in Florida. This was well within the 30 day limit provided in the policy for notice to the insurer. Any and all information that Powell could have given the Florida police on February 14, 1991 was given to Automotive on February 25, 1991. No prejudice whatsoever inured to Automotive. Clearly, Automotive relied upon an unclear technical requirement to deny coverage and evade the fundamental purpose of the insurance policy.
For these reasons, we affirm the trial court's determination that the Automotive policy affords plaintiff UM coverage under the circumstances.

QUANTUM
The trial court awarded Powell $6,500.00 in general damages. This award was apparently based upon Dr. Sandifer's May 10, 1991 medical report concerning his May 8, 1991 examination of Powell. The report states that Powell complained of upper lumbar spine pain with no radiation into his lower extremities. Neurological and objective tests were normal. Dr. Sandifer's impression was as follows:
... he needs to increase his activities and continue on a good walking program and exercise program. I do not feel like anything further is necessary. I do not think that he has a ruptured disc or any other problem that needs to be addressed. I think with a good exercise program and with time that he should go on to a fairly good result.
Because this case was submitted on a joint stipulation of facts, Powell did not testify as to the extent and duration of his lumbar pain.
The appellate review of a general damage award is a two step process. The first inquiry is whether the award for the particular injury under the circumstances is a clear abuse of the trier of fact's much discretion. Reck v. Stevens, 373 So.2d 498 (La.1977). If an abuse of discretion is found, then the appellate court can review prior awards to determine the highest or lowest point reasonably within that discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Discretion which is vested in the trial court is "great", and even vast, so that an appellate court should rarely disturb a general damage award. The appellate court should only increase or reduce the award when it is above or below that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances. Hae Woo Youn v. Maritime Overseas Corporation, et al, 623 So.2d 1257 (La. 1993). While we believe that the general damage award in this case is high considering the evidence presented, we cannot say that the trial court abused its much discretion in awarding Powell $6,500.00.

PENALTIES AND ATTORNEY'S FEES
The trial court assessed Automotive with penalties and attorney's fees for its arbitrary *586 and capricious failure to pay the claim after notice from the insured. Thereafter, due to Automotive's insolvency, LIGA was substituted as defendant. On appeal, LIGA contends it is not liable for statutory penalties and attorney's fees. We agree.
Under La.R.S. 22:1382(A)(1)(a), LIGA is obligated to pay "covered claims" existing prior to the determination of the insurer's insolvency. What constitutes a "covered claim" is articulated in La.R.S. 22:1379(3)(a) et seq., La.R.S. 22:1379(3)(d), in effect on the date of plaintiff's accident, specifically provides that a "covered claim" shall not include statutory penalties and attorney's fees incurred prior to the determination of insolvency. Because LIGA is immune from liability for penalties and attorney's fees, we necessarily deny Powell's request for additional attorney's fees associated with the defense of this appeal.

DECREE
The award of statutory penalties and attorney's fees is reversed. In all other respects the judgment is affirmed. Costs of these proceedings are assessed to Louisiana Insurance Guaranty Association.
AFFIRMED IN PART; REVERSED IN PART; AND, RENDERED.