|!LABORDE, Judge.
Defendant, LIGA (Louisiana Insurance Guaranty Association), seeks the return of a suspensive appeal bond originally posted by Automotive Casualty Insurance Company (Automotive Casualty). Plaintiff liquidated the appeal bond in satisfaction of a trial court judgment rendered in her favor after the original appeal was dismissed by LIGA. LIGA appeals this action by the trial court, claiming that as the successor in title to Automotive Casualty, all funds belonging to Automotive Casualty should have been returned to LIGA for an equitable distribution among all creditors of Automotive Casualty. We affirm.
FACTS
On July 10, 1991, plaintiff, Jodie Bertrand, was involved in an auto accident in Abbeville, Louisiana, with defendant Theresa Richard. Richard was insured by Automotive Casualty.
|2Trial on the merits was held on July 14, 1992. The court found in favor of plaintiff and awarded her damages of $9,241.32. On October 1, 1992, Automotive Casualty perfected a suspensive appeal. Defendant posted security in the form of a cash bond in the amount of $9,740.64 (the amount of the judgment plus $499.32 in interest) deposited into the registry of the court.
On January 12, 1993, we stayed all further proceedings in defendant’s, Automotive Casualty’s, appeal pursuant to stay orders issued by the Nineteenth Judicial District Court. Subsequently, on January 20, 1993, Automotive Casualty was ordered into liquidation. By order of the Nineteenth Judicial District Court for the Parish of East Baton Rouge, the Commissioner of Insurance became custodian of the company’s assets and was to proceed with liquidation proceedings pursuant to R.S. 22:735 and 22:737. We also noted that stay orders remained in full force and effect which previously enjoined all individuals and entities from instituting or taking further action on any suit or proceeding against Automotive Casualty.
On February 11, 1993, plaintiff amended her petition to substitute as defendant the Louisiana Insurance Guaranty Association (LIGA), the successor to Automotive Casualty. After amending her petition, plaintiff reached a settlement with State Farm, her uninsured motorist carrier.
LIGA answered the amended petition and moved to vacate the court’s previous order, to return the appeal bond to the liquidators of Automotive Casualty. LIGA’s motion was denied.
On April 30, 1993, we granted defendant’s motion to dismiss the suspensive appeal, but denied defendant’s motion for return of its appeal bond. The case was then remanded to the trial court for further proceedings.
On July 8, 1993, plaintiff filed a Motion to Disburse Suspensive Appeal Bond, ^claiming that since the appeal had been dismissed, plaintiff was entitled to the amount of the trial court judgment, $9,241.32, plus $1066.05 legal interest and costs, including a deposition cost of $123.50. The trial court granted plaintiffs motion on July 9, 1993, without a contradictory hearing. No mention was made of the existing liquidation or stay orders.
LIGA appeals, alleging two assignments of error:
*385 1. The trial court erred in disbursing to plaintiff funds deposited into the registry of the court by an insurer, later declared insolvent, for the purpose of furnishing security for a suspensive appeal after the insurer was ordered into liquidation and title to the funds had vested with the Commissioner of Insurance; and
2. The trial’ court erred in denying the return of the appeal bond to the liquidator because it was without subject matter jurisdiction to order the disbursement of a suspensive appeal bond when orders of liquidation and stay orders were in effect to prevent proceedings against any assets of an insolvent insurance company.
LAW
Defendant contends that the trial court erred in disbursing its appeal bond in violation of R.S. 22:762, which provides as follows:
During the pendency of delinquency proceedings in this or any reciprocal state no action or proceeding in the nature of an attachment, garnishment, or execution shall be commenced or maintained in the courts of this state against the delinquent insurer or its assets. Any lien obtained by any such action or proceeding within four months prior to the commencement of any such delinquency proceeding or at any time thereafter shall be void as against any rights arising in such delinquency proceeding.
A “delinquency proceeding” is any proceeding commenced against an insurer for the purpose of liquidating, rehabilitating, reorganizing, or conserving the insurer. R.S. 22:757(2).
The posting of a bond for a suspen-sive appeal is governed by the rules of sure-tyship. C.C.P. art. 2124 provides in pertinent part:
D. A suspensive appeal bond shall provide, in substance, that it is furnished as security that the appellant will prosecute his appeal, that any judgment against |4him will be paid or satisfied from the proceeds of the sale of his property, or that otherwise the surety is hable for the amount of the judgment.
Further, C.C. art 3068 provides:
Legal suretyship may be given whenever the law requires or permits a person to give security for an obligation. The principal obligor may in lieu of legal suretyship deposit a sum equal to the amount for which he is to furnish security to be held in pledge as security for his obligation.
The original appehant in this case, Automotive Casualty Insurance Co., deposited a cheek made payable to the Clerk of Court in the amount of $9,740.64 into the registry of the Clerk of Court for the parish of Vermilion. The check was cashed, and its proceeds deposited to satisfy the trial court’s judgment of $9,241.32 plus legal interest in favor of plaintiff.
When defendants successor dismissed its appeal, the funds deposited ceased being the .asset of defendant. Suspensive appeal bonds are not deposited by the losing litigant with no strings attached; they are tendered to the court for disbursement after the merits are determined, even if by forfeit. When appellant (or in this case, appellant’s successor in title, LIGA) dismissed its appeal, the judgment awarding the sum in favor of plaintiff in the lower court became final; at this juncture, the amount represented by the previously suspensively appealed bond reverted to plaintiff in satisfaction of the lower court judgment.
C.C. art. 3069 states “[n]o judgment shall be rendered against a legal surety unless the creditor obtains judgment against the principal obligor fixing the amount of the latter’s liability to the creditor or unless the amount of that liability has otherwise been fixed.” Once defendant’s appeal had been dismissed by motion of both LIGA and the defunct insurer in receivership, a valid judgment in favor of plaintiff was made final, fixing the amount of liability to be a sum certain. Therefore, we find no error committed by the trial court in its disbursement of the appeal bond |5to plaintiff.
While the question of subject matter jurisdiction raised by appellant would perhaps be relevant had the parties not dismissed their *386 appeal, we need not consider this question under the circumstances.
DECREE
The judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.