| iNORRIS, Judge.
The Commissioner of Insurance, James H. “Jim” Brown, in his capacity as Liquidator of Car Insurance Company, In Liquidation (f/ k/a Automotive Casualty Insurance Company), suspensively appeals an adverse trial court judgment granting the motion of plaintiff, David Rimsky, to remove the cash sus-pensive appeal bond, posted by Automotive Casualty prior to its insolvency, from the court registry, and denying the Commissioner’s motion to obtain the bond. For the following reasons, we affirm.
Facts
The instant litigation stems from a ear accident involving David Rimsky, a Shreveport police officer, and Robert Currier in March 1991. Rimsky filed suit in the First Judicial District Court of Caddo Parish against the driver, Currier, his insurer, Automotive Casualty, and his own UM Carrier, State Farm. The City of Shreveport, Rim-sky’s employer, intervened to recover medical expenses it paid on his behalf. Because Automotive Casualty admitted both the liability and coverage of its insured prior to *1249 trial, the lower court addressed only quantum. On June 1, 1992, the trial court rendered judgment in favor of Rimsky and the City of Shreveport totalling $7104.51.
On June 22, 1992, Automotive Casualty perfected a suspensive appeal and deposited in the court registry a cash bond for $7880.08, representing the judgment plus interest. While the appeal was pending, in August 1992, the Commissioner instituted insolvency proceedings against Automotive Casualty in the Nineteenth Judicial District Court. On August 24, 1992, the court ordered Automotive Casualty to be placed in conservation. By consent order in September 1992, Automotive Casualty was placed in rehabilitation. Both orders enjoined all individuals and entities from instituting or taking further action in |2any suit or proceeding against Automotive Casualty or the Commissioner of Insurance and from making any levy or seizure against the insurer or its estate and assets while in the Commissioner’s possession. Finally, in January 1993, Automotive Casualty was placed in liquidation. The Order of Liquidation maintained in full force and effect all prior stay orders.
On December 16,1993, Automotive Casualty filed a motion with this court to stay the appeal pursuant to the stay orders issued by the Nineteenth JDC. We granted the motion and stayed the proceedings under La. R.S. 22:1392. Noting the passage of ninety days, we issued a Rule to Show Cause why the stay of appeal should not be lifted. We received no opposition from either party to lifting the stay; in fact, we received notice from Automotive Casualty that the Nineteenth JDC stay order had been lifted. Consequently, we vacated the § 1392 stay order. On October 27, 1993, in an unpublished opinion, this court affirmed the trial court judgment. All appeal delays ran and this judgment became final. La.C.C.P. art. 2166.
On December 9, 1993, Rimsky filed a motion in the First JDC to remove the cash suspensive appeal bond from the registry of the court. A few days later, the Commissioner of Insurance filed a motion to obtain the cash suspensive appeal bond. The court heard both rules on December 20. It concluded that the cash bond, encumbered prior to the liquidation order, secured the final judgment. To find otherwise, the court reasoned, would usurp the purpose of a suspen-sive appeal bond, ensuring satisfaction of the judgment. On December 21, 1993, the court rendered a final judgment granting Rimsky’s motion and denying the Commissioner’s motion.
The Commissioner appeals, urging the trial court erred in releasing the appeal bond to Rimsky rather than him in contravention of the Louisiana Insurances Code, the Uniform Insurer’s Liquidation Act, and the Nineteenth JDC’s Order of Liquidation. Specifically, he argues that Rimsky is entitled to only a pro rata share of the insurer’s assets as any other general creditor, La.R.S. 22:745 et seq.; that the Commissioner was vested with title to all assets of the insurer as of the date the order of rehabilitation issued, La.R.S. 22:735; and that any execution against the insurer or its assets is prohibited by La.R.S. 22:762 and the Nineteenth JDC’s injunction in the Order of Liquidation.[1] Rimsky counters that neither insurance law nor the Order of Liquidation prevents his withdrawing the cash suspensive appeal bond, deposited by Automotive Casualty as security that it would prosecute the appeal and pay any judgment rendered against it. La.C.C.P. art. 2124, La.C.C. art. 3068.
Discussion
It is well established that when statutes on the same subject matter conflict, those most specifically directed to the matter at issue must prevail. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980), and authorities therein; Sargent v. Louisiana Health Serv. & Indem., 550 So.2d 843 (La.App.2d Cir.1989). At issue in the instant case is the proper disposition of cash posted for a sus-pensive appeal, a matter not addressed by *1250 the Louisiana Insurance Code, but rather governed by the rules of suspensive appeals. La.C.C.P. art. 2124; La.C.C. art. 3068; Bertrand v. Richard, 94-274 (La.App. 3d Cir. 10/5/94), 643 So.2d 383.
In order to perfect a suspensive appeal and suspend the effect or execution of an appealable judgment, the appellant must furnish security. La.C.C.P. Larts. 2123, 2124B. The purpose of security is to protect the judgment creditor against the insolvency of the judgment debtor during the course of an appeal. Wright v. Jefferson Roofing, Inc., 93-1217 (La. 1/14/94), 630 So.2d 773, 775.
The suspensive appeal bond is furnished as security that the appellant will prosecute his appeal, that any judgment against him will be paid or satisfied from the proceeds of the sale of his property, or that otherwise the surety is liable for the amount of the judgment. La.C.C.P. art. 2124D. Generally, the appellant obtains a surety to post an appeal bond. However, a cash bond may be deposited in the registry of the court in lieu of a surety bond; the funds are held in pledge as security for the obligation. La.C.C. art. 3068; Bordelon v. Safeway Ins. Co., 398 So.2d 183 (La.App. 3d Cir.), writ denied, 404 So.2d 280 (1981); Marie v. Police Jury of the Parish of Terrebonne, 157 So.2d 919 (La.App. 1st Cir.1963). If the judgment is ultimately affirmed, the plaintiff has a right to satisfy it from the cash appeal bond. See Powell v. Automotive Casualty Ins. Co., 94-0563 (La. 4/29/94), 637 So.2d 452.
The pledge of a cash suspensive appeal bond is distinct and unique. Suspensive appeal bonds are not pledged with no strings attached, but are tendered to the court for disbursement to the creditor should the judgment become final in favor of the appellee. Powell, supra; Bertrand, supra. Under La. C.C.P. art. 2124D, the appellant agrees to prosecute the appeal and satisfy the judgment; the bond secures payment of the judgment upon failure of either condition. When the appellant-debtor gives the cash suspen-sive appeal bond to the clerk of court, an agent of the creditor, a security interest in favor of the creditor attaches and is perfected. La.R.S. 10:9-203; 9-305(1). Upon default (failure to prosecute the appeal or to satisfy the final judgment), the secured party may execute upon or enforce the security interest by any available judicial |sprocedure. La.R.S. 10:9-305(1).
Our brethren on the Third Circuit recently addressed the issue now before this court. In Bertrand v. Richard, supra, the trial court rendered judgment in favor of the plaintiff and against the defendant and his insurer, Automotive Casualty. Automotive Casualty suspensively appealed and deposited into the registry of the court a cash bond for the amount of the judgment plus interest. After perfecting the appeal, Automotive Casualty was placed in liquidation; LIGA was substituted as defendant. LIGA then moved to dismiss the suspensive appeal and for return of the appeal bond. The court of appeal granted Automotive Casualty’s motion to dismiss the appeal, denied its request for return of the bond and remanded the case for further proceedings. Plaintiff then filed a motion to disburse the suspensive appeal bond, claiming entitlement to the funds as a result of the dismissal of the appeal. The trial court granted the motion and LIGA appealed. The Court of Appeal affirmed, finding that suspensive appeal bonds are tendered to the court for disbursement after the merits are determined; upon dismissal of the appeal, the lower court judgment became final, and the cash appeal bond reverted to plaintiff in satisfaction of that judgment. The court held that once the judgment in favor of the creditor becomes final, the cash appeal bond, in effect, ceased tp be an asset of Automotive Casualty.
In Powell v. Automotive Casualty, supra, the plaintiff obtained judgment against Automotive Casualty for special damages, general damages, penalties and attorney fees. Automotive Casualty paid certain of the specials but suspensively appealed the judgment as to UM coverage and the quantum of generals, penalties and attorney fees. It filed a cash appeal bond, but later was declared insolvent and ultimately replaced by LIGA as party defendant. After the stay was lifted, the Court of Appeal affirmed the finding of UM coverage and the 16quantum of general damages. However, it held that penalties and attorney fees could not be assessed against *1251 LIGA, and reversed this portion of the judgment. See Powell v. Automotive Casualty, 92-284 (La.App. 3d Cir. 2/2/94), 631 So.2d 581. The Supreme Court granted writs and reversed, holding that while LIGA was indeed not liable for penalties and attorney fees, this immunity “shall not affect the plaintiffs rights to collect the full amount of the unpaid portion of the judgment, including interest, penalties and attorney fees, from the cash suspensive appeal bond.” 637 So.2d at 452. In effect the Court held that Automotive Casualty’s various statutory protections (asserted in the instant case by the Commissioner) did not usurp the creditor’s security in a cash appeal bond.
Rimsky obtained a valid judgment against Automotive Casualty. When Automotive Casualty suspensively appealed the judgment it deposited in the court registry a cash appeal bond for the judgment plus interest. Thus it agreed to secure Rimsky in the event that it failed to prosecute its appeal or to satisfy any unfavorable judgment rendered on appeal. Art. 2124D. When it relinquished possession to the clerk of court, Automotive Casualty created an enforceable security agreement and perfected a security interest in the cash bond. While the appeal was pending, Automotive Casualty became insolvent. We subsequently affirmed the lower court judgment; the insurer did not seek writs or appeal and the judgment became final. Upon Automotive Casualty’s failure to pay due to insolvency, Rimsky may remove that portion of the cash suspensive appeal bond needed to satisfy his judgment.
The Commissioner in the instant case seeks to benefit from the suspensive appeal, preventing the creditor from executing his judgment, but also to avoid the burden of the bond, which secures the creditor in the event the debtor ^becomes insolvent during the appeal. The inequity inherent in the proposition simply cannot be maintained.
Moreover, application of the rules regarding suspensive appeals do not contravene Louisiana’s statutory liquidation scheme, or the purposes behind it. See Crist v. Benton Casing Service, 572 So.2d 99 (La.App. 1st Cir.1990). The Louisiana Insurance Code expressly recognizes a preference for eredi-tors with secured claims. The Uniform Insurer’s Liquidation Law, La.R.S. 22:757 et seq., was enacted to govern liquidation proceedings in member states. The Act’s purpose was to centralize insurance delinquency proceedings in one state’s court so as to protect all creditors equally. See Dadar v. Insurance Guaranty Ass’n, 556 So.2d 272 (La.App. 1st Cir.1990); Bobo v. American Fidelity Fire Ins. Co., 550 So.2d 1278 (La.App. 4th Cir.1989). This goal is not frustrated by applying the law of suspensive appeals to the Commissioner’s claims. Consequently, the Commissioner’s reliance on the liquidation scheme under the Insurance Code and the Uniform Insurer’s Liquidation Act, rather than the specific rules governing suspen-sive appeal bonds, is misplaced and his contentions must fall. The Commissioner is not entitled to receive the cash appeal bond.
For the foregoing reasons, the judgment allowing Rimsky to recover the unpaid portion of his judgment including interest, from the cash suspensive appeal bond, and denying the Commissioner’s motion to remove the bond, is affirmed. Costs are not assessed. La.R.S. 13:4521.
AFFIRMED.

. According to Automotive Casualty’s attorney, the Nineteenth JDC lifted its stay order that enjoined individuals from taking further action in any suit against the insurer or seizing any assets of the insurer. He gave no opposition back in the summer of 1992 to vacating the stay order imposed by this court, and any claims at this point that the injunction in the Order of Liquidation remains in effect are barred by failure to raise them timely.