722 So.2d 1080 (1998)
Roger T. BOES
v.
Joycelyn Sweeney BOES.
No. 98-CA-342, 98-CA-618.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1998.
*1081 William W. Hall, Metairie, LA, Robert E. Barkley, Jr., Nicholas D. Doucet, New Orleans, LA, for Plaintiff-Appellee.
Bruce M. Danner, William P. Connick, Metairie, LA, Steven W. Usdin, H. Minor Pipes, III, New Orleans, LA, Harry L. Cahill, Algiers, LA, for Defendant-Appellant.
Before CHARLES GRISBAUM, Jr., EDWARD A. DUFRESNE, Jr., and THOMAS F. DALEY, JJ.
DUFRESNE, Judge.
This is an appeal by Joycelyn Sweeney Boes and Boes Iron Works, Inc., defendantsappellants, from a judgment purportedly holding them in contempt for failure to make court ordered payments to Roger Boes, plaintiff-appellee, pending final partition of their community property. For the following reasons, we dismiss the appeal.
The pertinent facts are these. On August 27, 1997, the court ordered Boes Iron Works to pay Roger Boes $9,000.00, on the 15th of each month. When the November payment was not timely, Roger filed a motion for contempt. That matter was heard on January 14, 1998, and judgment was rendered on January 20, 1998, wherein appellants were held in contempt. The judgment recites that the monthly payments for December and January had also not been made, and that no sanctions would be imposed if all three late payments were forthcoming. Appellants appealed that judgment on the day it was signed. Appellee urged in this court a motion to dismiss the appeal, which was referred to the merits.
Appellants do not assert here that the August 27, 1997, order for payments of $9,000.00 per month was error. They only contend that it was error for the trial judge to hold them in contempt for not making these payments timely. Trial judges are vested with great discretion in determining whether a party is guilty of constructive contempt, and such determinations will not be reversed on appeal absent an abuse of that discretion, HCNO Services, Inc. v. Security Computing Systems, Inc. 96-1693 (La.App. 4th Cir. 4/23/97), 693 So.2d 835. While such an abuse is not apparent in this matter, we do not rule on that question. Instead, we note that the difficulty with appellants' argument is that the alleged contempt judgment defers imposition of sanctions pending their future conduct. It is thus clearly an interlocutory order.
Under La.Code Civ. Pro., Art 2083, only final judgments, and interlocutory judgments which cause irreparable injury are appealable. In the present matter, the judgment is interlocutory and appellants have suffered no injury because of it. Indeed, that judgment specifically defers any potential injury, i.e. sanctions, pending future events. Until such time as the trial court actually imposes such sanctions, there is nothing to appeal. We therefore must dismiss this matter.
For the foregoing reasons, the appeal is dismissed.
APPEAL DISMISSED.