CHEHARDY, Judge.
Joycelyn Sweeney Boes and Boes Iron Works, Inc. seek review of a December 18, 1998 order directing that funds comprising two appeal bonds be released to Roger T. Boes. The amount in question is $36,000 posted as security for two consolidated appeals which were dismissed by this Court on November 25, 1998. See Boes v. Boes, 98-342 (La.App. 5 Cir. 11/25/98) 722 So.2d 1080. Following dismissal of the *698 appeal Roger Boes filed an ex parte motion for release of the appeal bonds to him to satisfy the judgment. On December 18, 1998 the trial court signed an order directing that the funds be released and disbursed to Roger Boes. From that order Joycelyn Sweeney Boes and Boes- Iron Works, Inc. filed an application for supervisory writs and also took a devolutive appeal. The matters were consolidated in this Court.
BACKGROUND
In May 1993 Roger T. Boes and Joyce-lyn Sweeney Boes, who had been married for over 40 years, entered into an agreement to modify their matrimonial regime. At the same time Roger executed a donation inter vivos transferring stock in Boes Iron Works, Inc., a close corporation, to Joycelyn. The combined effect of the transactions gave Joycelyn a controlling interest in the corporation.
In November 1996 the parties physically separated. They divorced in 1997.
|sOn May 13, 1997 Roger filed a petition to revoke the agreement modifying the matrimonial regime and to rescind the donation inter vivos. At root of the dispute was the question of who would have control and/or management authority in Boes Iron Works, Inc. The parties sought in-junctive relief against each other. Boes Iron Works, Inc. intervened in the lawsuit.[1]
On August 27, 1997 the trial court rendered judgment directing that Joycelyn and Roger be paid $12,000.00 each per month from Boes Iron Works, Inc., that Roger be paid an additional $9,000.00 per month from Boes Iron Works, Inc. to be applied to the mortgage on his fishing camp, and that Joycelyn receive an equal monthly amount. The judgment specified that the payments would be made provided that the funds were available in the corporate accounts.
Subsequently Roger filed a motion for contempt alleging that Joycelyn and Boes Iron Works, Inc. had failed to comply with the August 27th judgment. On September 19, 1997 the court rendered judgment ordering that the company pay Roger $9,000.00 on September 17, 1997 and that thereafter the $9,000 per month be paid to Roger on the 15 th day of each month, commencing October 15,1997.
On November 13, 1997 a hearing took place on another motion for contempt. The court ordered that the $9,000 payment to Roger be made and continue to be made, “within the parameters that were initially ordered,” starting November 15, 1997 and continuing for three more payments through February 15, 1998, which would pay off the bank note on the mortgage. No written judgment of that order appears in the record.
On November 18, 1997 Roger filed another motion for contempt, asserting that defendants had failed to comply with the November 13th order issued in open court. On January 20, 1998 the trial court rendered judgment finding Boes Iron Works, Inc. in 1 ¿contempt for failing to make the $9,000.00 payment due to Roger on November 15, 1997, pursuant to the court’s earlier judgment of August 27, 1997 and the proceedings held on November 13, 1997. The judgment stated that the court would withhold the imposition of any penalty provided that the payments due to Roger on November 15, 1997, December 15, 1997 and January 15, 1998 be paid no later than January 20, 1998. The judgment provided that if the payments were not made on or before January 20, 1997, *699 then appropriate sanctions would be awarded upon the filing of a rule by Roger Boes.
On March 26, 1998 Roger filed yet another motion for contempt, alleging that the defendants had violated the court’s January 20th order by failing to make the payments due to him. In a judgment dated April 15, 1998, the trial court found that Boes Iron Works, Inc. was in contempt for failing to make the payments due to Roger on December 15, 1997, January 15, 1998 and February 15, 1998, but the court withheld imposition of any penalties for contempt pending disposition of the appeal of the January 20,1998 judgment.
Joycelyn and Boes Iron Works, Inc. took suspensive appeals to this Court of both the January 20th and the April 15th judgments. The appeal of the January 20 th judgment was docketed under number 98-CA-342, the appeal of the April 15th judgment was lodged under number 98-CA-618, and the appeals were consolidated.
In conjunction with the motions for appeal, the appellants made cash deposits in the district court equal to the payments at issue: $27,000 on the first appeal and $9,000 on the second appeal, for a total of $36,000. The consolidated appeals were dismissed on November 25, 1998, however, on the ground that the judgments were interlocutory and non-appealable because they deferred imposition of sanctions pending future events.
On December 18, 1998 Roger Boes filed an application for release of bonds in the district court. He alleged that because the suspensive appeals had been dismissed in their entirety the bonds were due and payable to him as the party prevailing on the appeal. The district judge signed the order ex parte on the same date, granting the application and ordering that the funds be disbursed to Roger T. Boes. As noted above, Joycelyn Boes |sand Boes Iron Works, Inc. seek review of that ruling by both devolutive appeal and application for supervisory writs.
First, we point out that the ruling is an interlocutory rather than a final judgment. Therefore, our review is pursuant to our supervisory jurisdiction, which has been appropriately invoked by the writ application.
Regarding the merits, relators assert the trial court erred as a matter of law because they are being forced to pay money to Roger without a judgment which specifically orders the payment of any monetary amount.
In response, Roger asserts that the trial court did not err because the bond related to underlying judgments, particularly the judgments of August 27, 1997 and September 19, 1997, under which appellants were ordered to pay him $9,000 per month. The judgment of April 15, 1998 found defendants in contempt for failing to make the $9,000 payment due on February 15, 1998 and “clarified” the judgment of January 20, 1998 to include the payments due on December 15, 1997 and January 15, 1998. In effect, the judgments amounts which defendants owed, but had not paid-November and December 1997 and January and February 1998-totaled $36,000, the amount on deposit. There is, however, no judgment making that amount executo-ry or specifically directing that amount be paid to Roger Boes.
LAW AND ANALYSIS
Security for suspensive appeals is subject to La. C.C.P. Art 2124, which provides in pertinent part:
B. The security to be furnished for a suspensive appeal is determined in accordance with the following rules:
(1) When the judgment is for a sum of money, the amount of the security shall be equal to the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of the costs.
*700 [[Image here]]
(3) In all other cases, the security shall be fixed by the trial court at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution.
* *
IfiD. A suspensive appeal bond shall provide, in substance, that it is furnished as security that the appellant will prosecute his appeal, that any judgment against him will be paid or satisfied from the proceeds of the sale of his property, or that otherwise the surety is liable for the amount of the judgment.
La. C.C. Art. 3068 states, “Legal surety-ship may be given whenever the law requires or permits a person to give security for an obligation. The principal obligor may in lieu of legal suretyship deposit a sum equal to the amount for which he is to furnish security to be held in pledge as security for his obligation.”
In this case there was no order setting a bond in connection with either the January 20th or the April 15th judgment. Rather, in the motions for appeal the appellants simply stated they had deposited the amounts of money with the clerk of court. However, the appellee never filed a motion to traverse the security or to set bond.
The security furnished to perfect a devolutive or suspensive appeal should remain intact until the final determination of the litigation for the protection of all persons in interest. There is no statutory authority for the clerk of court to make payments from or apply the proceeds of cash deposited as security in connection with an appeal prior to the conclusion of the litigation. [Emphasis added.]
Case v. Case, 316 So.2d 418, 420 (La.App. 2 Cir.1975). Thus, it appears the court’s action in releasing the funds to Roger was premature.
However, in Bertrand v. Richard, 94-274 (La.App. 3 Cir. 10/5/94) 643 So.2d 383, 385, the court approved the trial court’s disbursement of proceeds of a suspensive appeal bond as follows:
Suspensive appeal bonds are not deposited by the losing litigant with no strings attached; they are tendered to the court for disbursement after the merits are determined, even if by forfeit. When appellant (or in this case, appellant’s successor in title, LIGA) dismissed its appeal, the judgment awarding the sum in favor of plaintiff in the lower court became final; at this juncture, the amount represented by the previously suspensively appealed bond reverted to plaintiff in satisfaction of the lower court judgment.
Nevertheless, the court noted further,
C.C. art. 3069 states “[n]o judgment shall be rendered against a legal surety unless the creditor obtains judgment against the principal obligor fixing the amount of the latter’s j pliability to the creditor or unless the amount of that liability has otherwise been fixed.” Once defendant’s appeal had been dismissed by motion of both LIGA and the defunct insurer in receivership, a valid judgment in favor of plaintiff was made final, fixing the amount of liability to be a sum certain.
Appellants argue, in effect, that the judgment on appeal did not fix their liability in a sum certain and, therefore, it cannot be executed as is. We agree.
The situation here is distinguishable from that in the Bertrand case. There is no judgment fixing the current amount of the appellants’ liability to Roger Boes. Further, the trial court withheld imposition of sanctions on the contempt ruling-the lack of sanctions was the basis of our dismissal of the prior appeals. Thus, the appeal security deposit may not be considered as satisfaction of the contempt judgment, either.
*701 The trial court erred, therefore, in releasing the funds to Roger Boes ex parte. Without a judgment setting the amount due him or making the earlier judgments executory, he is not entitled to receive the funds without further appropriate proceedings.
Accordingly, the ex parte judgment is vacated. IT IS ORDERED that Roger Boes return the funds in question to the registry of the clerk of the district court within ten days of the date this decision becomes final. The matter is remanded for further proceedings in accordance with this opinion.

VACATED AND REMANDED, WITH ORDER.

. Boes Iron Works, Inc. and Joycelyn Boes also filed a separate suit ¿gainst Roger Boes, alleging that he diverted substantial amounts of money from the company for his personal benefit, pursued a course of conduct injurious to the corporation, and breached his fiduciary responsibilities to the company. Boes Iron Works, Inc. v. Roger T. Boes, No. 514-379, 24th Judicial District Court, Parish of Jefferson, State of Louisiana. Roger attempted to have that suit consolidated with this one, but the district court denied his motion for consolidation.